UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

JADA C. BEARD,

      Plaintiff,

v.                                          24-CV-433 (JLS) (MJR)

TRACEY MASON, in her Official
Capacity-Chief Nursing Officer;
WESTERN NEW YORK CHILDREN'S
PSYCHIATRIC CENTER;
NEW YORK STATE OFFICE OF
MENTAL HEALTH; NEW YORK
STATE; AMERICAN NURSES
ASSOCIATION, INC., also known as
American Nurses Association;
MAXIM HEALTHCARE SERVICES,
INC.; AMERICAN NURSES
ASSOCIATION - NEW YORK, INC.;
and OFFICE OF ATTORNEY
GENERAL,

      Defendants.

---

## DECISION AND ORDER

Plaintiff Jada C. Beard commenced this action on May 3, 2024. Dkt. 1. The Second Amended Complaint, filed on July 17, 2024, is now the operative complaint. *See* Dkt. 12. Plaintiff asserts discrimination claims on the basis of race and sex under Title VI and VII of the Civil Rights Act of 1964, as well as the Equal Protection Clause of the Fourteenth Amendment. *See id.* The case has been referred to United States Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 25.

Before the Court are motions to dismiss filed by American Nurses Association, Inc. ("ANA") (Dkt. 24) and American Nurses Association–New York, Inc. ("ANA-NY") (Dkt. 49). Plaintiff opposed both motions. Dkt. 36, 38, 41-42, 63. ANA and ANA-NY replied. *See* Dkt. 47, 69.

On February 5, 2025, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that that "ANA's and ANA-NY's motions to dismiss . . . be granted, with prejudice." Dkt. 72 at 11.[1] Plaintiff objected to the R&R. Dkt. 76. Specifically, she objects to the R&R's conclusions that: (1) ANA and ANA-NY are not alleged to be Plaintiff's employer; (2) Plaintiff failed to exhaust administrative remedies; and (3) Plaintiff's claims are not adequately alleged. *See id.* at 3-4. She further objects to the R&R's statement that it is unclear whether Plaintiff intended to sue ANA, ANA-NY, or both. *Id.* at 4. ANA and ANA-NY opposed the objections. Dkt. 78-79. Plaintiff replied. Dkt. 80.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendation to grant the [24] and [49] motions to dismiss. Out of an abundance of caution, however, Plaintiff will "be afforded the opportunity to amend [her] complaint" because the Court "cannot 'rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Robles v. Evans*, 480 F. App'x 86, 89 (2d Cir. 2012) (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir. 1999)).

For the reasons above and in the R&R, the motions to dismiss at Dkt. 24 (ANA) and Dkt. 49 (ANA-NY) are GRANTED with leave to amend in accordance with a schedule to be set by the magistrate judge. The case is referred back to Judge Roemer pursuant to the August 15, 2024 referral order. *See* Dkt. 25.

SO ORDERED.

Dated:   April 30, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE